IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN SKAGGS | ) | CASE NO: 2:16-cv-01099 |
| | ) | |
| Plaintiff | ) | JUDGE ALGENON L. MARBLEY |
| | ) | MAGISTRATE KIMBERLY A. JOLSON |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, et al. | ) | **DEFENDANT REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A.'S** |
| | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendants | ) | **COMPLAINT** |
| | ) | |

Defendant, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., ("Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves the Court for an order dismissing Plaintiff's Complaint, because it fails to state a claim upon which relief can be granted.

A Memorandum in Support of this Motion is attached hereto and incorporated herein.

                 Respectfully submitted,

                 s/Lori E. Brown
                 **LORI E. BROWN (0071480)**
                 **GALLAGHER SHARP LLP**
                 Sixth Floor - Bulkley Building
                 1501 Euclid Avenue
                 Cleveland, OH 44115
                 (216) 241-5310 Office
                 (216) 241-1608 Fax
                 lbrown@gallaghersharp.com
                 **Attorney for Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this <u>7th</u> day of February 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
**Attorney for Defendant Reimer, Arnovitz,**
**Chernek & Jeffrey Co., L.P.A.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN SKAGGS | ) | CASE NO: 2:16-cv-01099 |
| | ) | |
| Plaintiff | ) | JUDGE ALGENON L. MARBLEY |
| | ) | MAGISTRATE KIMBERLY A. JOLSON |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | **MEMORANDUM IN SUPPORT OF** |
| COMPANY, et al. | ) | **DEFENDANT REIMER, ARNOVITZ,** |
| | ) | **CHERNEK & JEFFREY CO., L.P.A.'S** |
| Defendants | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| | ) | |

### I. INTRODUCTION/STATEMENT OF THE CASE

Plaintiff Timothy Allen Skaggs (hereinafter "Plaintiff" or "Skaggs"), filed this case on November 15, 2016 against Metropolitan Life Insurance Company ("MetLife"), Bayview Loan Servicing LLC ("Bayview"), Wells Fargo Bank, NA ("Wells Fargo"), Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (the "Reimer Firm"), U.S. Bank N.A. ("U.S. Bank"), and Clearspring Loan Services, Inc. ("Clearspring").  (Doc #1).   Plaintiff's Complaint alleges six distinct causes of action: 1) Declaratory Judgment Releasing the Note; 2) Quiet Title; 3) Violations of the Fair Debt Collection Practices Act ("FDCPA"); 4) Fraudulent/Negligent Misrepresentation; 5) Slander of Title; and 6) Civil Conspiracy.

Specifically, Plaintiff's claims arise out of a state court foreclosure action filed against him in 2014 by the Reimer Firm on behalf of its client, MetLife.  The Foreclosure Action was voluntarily dismissed in December, 2015.  Since the dismissal, it is undisputed that the Reimer Firm has taken no further action with regards to the subject property or the Plaintiff.  For the reasons set forth below, Plaintiff's claims against the Reimer Firm fail as a matter of law because they are either untimely and/or otherwise lack merit.  Thus, Plaintiff has failed to state a claim upon which relief may be granted, and his Complaint should be dismissed.

## II.  FACTUAL ALLEGATIONS

### A.  Plaintiff's Loan.

Plaintiff alleges that he executed a note dated January 29, 2004 in favor of SouthTrust Mortgage Corporation in the original amount of $78,500 (the "Note") in order to purchase a property located at 3140 Portman Road, Columbus, Ohio 43232 (the "Property").  (Doc. #1, ¶ 14-16).  As security for the Note, he executed a mortgage dated January 29, 2004 to Mortgage Electronic Registration Systems, Inc., as nominee for South Trust Mortgage Company ("MERS") (the "Mortgage").  (Doc. #1, ¶ 16; Doc. #1-2).

In an assignment dated August 16, 2007, MERS assigned the Mortgage to Wachovia Bank, N.A. (Doc. #1, ¶ 19; Doc. #1-3).[1]  On May 30, 2013, Wells Fargo executed a Lost Note Affidavit and Indemnification Agreement in favor of Bayview.  (Doc. #1, 1-11).  Subsequently, in an assignment dated August 16, 2013,[2] Wells Fargo Bank, N.A. as successor by merger to Wachovia Bank, N.A. assigned the Mortgage to Bayview Loan Servicing, LLC. (Doc #1, ¶ 24;

---

[1] Effective March 20, 2010, Wachovia Bank, National Association merged into Wells Fargo.
[2] Plaintiff alleges it was assigned August 16, 2014, but the Doc. #1-6 shows the date of August 16, 2013.

2

Doc. #1-6). On May 12, 2014, Bayview Loan Servicing, LLC assigned the Mortgage to Metropolitan Life Insurance Company. (Doc. #1, ¶ 25; Doc. #1-7).

### B. The Foreclosure Action.

It is undisputed that Mr. Skaggs defaulted on his loan, and as a result, on September 4, 2014, the Reimer Firm, in its capacity as counsel for MetLife, filed a Complaint for Foreclosure in the Franklin County Court of Common Pleas, Case No. 14CV009145 (the "Foreclosure Action"). (Doc. #1, ¶ 26; Doc. #1-8).[3] MetLife attached a copy of the Note, but alleged in the complaint that the whereabouts of the original was unknown and that the Note has either been lost or misplaced. (Doc. #1, ¶ 26). Mr. Skaggs failed to answer or respond to the complaint and MetLife filed a Motion for Default Judgment on October 27, 2014. (Doc. #1, ¶ 29; Doc. #1-9). In connection with the Motion for Default Judgment, Lauren Blain of Bayview executed an Affidavit dated September 22, 2014, which stated that plaintiff or his agent has possession of the original Note. (Doc. #1, ¶ 31). The court granted the Motion for Default Judgment.

On November 4, 2014, Skaggs filed a motion under Rule 60(B) to vacate the default judgment and attached an affidavit stating that he believed that MetLife had not shown it has standing. (*See* Ex. B). On December 15, 2014, the court vacated the Judgment and Decree in Foreclosure entered against Skaggs. The court noted that Mr. Skaggs contested whether MetLife is the actual holder of the Note and had standing. (*See* December 15, 2014 order, Ex. C, p. 2).

---

[3] A copy of the docket from the Foreclosure Action is attached hereto as Exhibit A. "On a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), the Court's inquiry is essentially limited to the content of the Complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be taken into account." *Lamson & Sessions Co. v. Indemnity Ins. Co. of N. Am.*, 2000 U.S. Dist. LEXIS 10042, 12-13 (N.D. Ohio June 13, 2000), citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990). *See also*, *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion [to dismiss] into one for summary judgment."

3

(*See also*, Skaggs April 14, 2015 Motion to Dismiss for Lack of Subject Matter Jurisdiction, Ex. D). The matter proceeded and on June 3, 2015, Mr. Skaggs, who was represented by counsel, filed an Answer. Skaggs asserted numerous affirmative defenses, including lack of standing, stating MetLife purportedly was not in possession of the original Note. (*See* Foreclosure Answer, Ex. E).

On November 16, 2015, the Reimer Firm filed a Motion for Summary Judgment. A May 30, 2013 Wells Fargo affidavit of Lost Note was attached as an Exhibit to the Motion. (Doc. #1, ¶¶ 37-38; Doc. #1-11). A representative of Bayview signed an affidavit (dated November 10, 2015), authenticating the Wells Fargo Lost Note affidavit and stating that MetLife was entitled to enforce the Note. (Doc. #1, ¶ 39; Doc. #1-11). MetLife ultimately did not proceed with the foreclosure and voluntarily dismissed the Foreclosure Action on December 7, 2015 without prejudice. (Doc. #1, ¶ 42).

## III. LAW AND ARGUMENT

### A. Standard for Reviewing a Fed. R. Civ. R. 12(b)(6) Motion to Dismiss.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

4

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), quoting *Iqbal*, 129 S. Ct. at 1949. While courts, in ruling on a defendant's motion to dismiss a complaint, "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### B. Plaintiff's Declaratory Judgment Claim Fails, as a Matter of Law, because there is no Actual Controversy.

Plaintiff asserts a Declaratory Judgment Claim against "All Defendants," but does not make any allegations against or request any relief from the Reimer Firm.  In fact, Plaintiff alleges that this Court declare that "U. S. Bank, Clearspring, MetLife, Bayview, Wells Fargo, nor any other party in interest have a legally enforceable interest in the Note," and to "extinguish Plaintiff's obligations under the Note."  (Doc. #1, ¶ 66-67).  There are no allegations that the Reimer Firm is a party in interest or has ever sought to enforce the note.  Assuming that Plaintiff has adequately set forth such a claim against the Reimer Firm, the claim fails, as a matter of law.  The Declaratory Judgment Act requires the existence of an actual controversy:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

5

>further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

In order for there to be an "actual controversy" as required by the Act, the Court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech*, Inc., 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (citation omitted).  A "controversy" justifying declaratory relief must be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts."  *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325, 56 S. Ct. 466, 80 L. Ed. 688 (1936).  An actual controversy does not exist until a potential injury is sufficiently immediate and real.  *See Kelley v. E.I. DuPont De Nemours & Co.*, 17 F.3d 836, 845 (6th Cir. 1994).

In this case, Plaintiff has neither made any factual allegations against the Reimer Firm, nor any specific claims for relief as to the Reimer Firm.  There is no allegation that the Reimer Firm has filed any action to enforce the Note or Mortgage or otherwise engaged in any collection efforts on its own behalf with regards to the subject Property or the Plaintiff.  Plaintiff instead appears to base his claim entirely upon a possibility that such actions may take place in the future by the other named Defendants.  As a result, there is no actual controversy ripe for adjudication by this Court, and Plaintiff's Claim for Declaratory Judgment should be dismissed for this reason alone.

Additionally, on September 1, 2009, the United States Bankruptcy Court for the Southern District of Ohio granted Plaintiff a discharge of his personal liability under the Note.[4] Thus, Plaintiff is not, nor cannot ever be held, personally liable under the Note, and, therefore, there is no actual controversy for this Court to resolve. *See, e.g., Saldana ex rel. Saldana v. Lynch*, S.D. Ohio No. 3:15-cv-105, 2015 U.S. Dist. LEXIS 109789, *9 (Aug. 19, 2015), *quoting* 12 James Wm. Moore, Moore's Federal Practice §57.22[5] (3d ed.) ("Where 'the remedy sought is a mere declaration of law without implications for practical enforcement on the parties, the case is properly dismissed.'") Accordingly, for this additional reason, Plaintiff's Declaratory Judgment Claim should be dismissed.

### C. Plaintiff's Quiet Title Claim Fails as a Matter of Law, because the Reimer Firm has no Interest in the Property.

Plaintiff asserts a claim for quiet title against "All Defendants," but again does not make any allegations or request for relief with respect to the Reimer Firm and specifically references each of the other named Defendants. (Doc. #1, ¶ 71). To the extent that Plaintiff has adequately plead a claim against the Reimer Firm, the same fails, as a matter of law, because the Reimer Firm has no interest in the Property, never has had any interest in the Property, nor has it claimed an interest in the Property. There are no allegations in the Complaint that the Reimer Firm has claimed an interest in the Property.

Under Ohio law, an action for quiet title can be brought against any party that claims an interest in the property. R.C. §5303.01. Plaintiff has failed to allege that the Reimer Firm has an interest in the subject Property. As a result, Plaintiff cannot maintain a claim for quiet title

---

[4] A copy of the docket from the relevant bankruptcy case is attached as Exhibit B to Bayview's Motion to Dismiss, Doc. #35. The discharge is docketed as Doc. #35.

7

against the Reimer Firm. *See, e.g., Prop. Asset Mgmt. v. Shaffer*, 3d Dist. Union No. 14-08-06, 2008-Ohio-4645, ¶ 13 (holding that trial court properly dismissed claim for quiet title where defendant had no interest in property). Accordingly, Plaintiff's claim for quiet title should be dismissed.

### D. Plaintiff's FDCPA Claims Fail as a Matter of Law, because it is Time-Barred.

The gist of Plaintiff's FDCPA claim is that MetLife did not have standing to file the Foreclosure Action. Plaintiff alleges that Bayview misrepresented in the September 22, 2014 Affidavit that MetLife's agent had possession of the original Note, when Wells Fargo had prepared and executed a Lost Note Affidavit in May, 2013.[5] Plaintiff alleges in a conclusory manner that the Reimer Firm intentionally withheld the Wells Fargo Lost Note Affidavit. (Doc. #1, ¶ 94).

Counts 3A through 3C assert specific violations of the FDCPA against the Reimer Firm with regards to filing the Complaint and Blain Affidavit in the Foreclosure Action. (Doc. #1 at ¶¶ 96-98). These claims fail, as a matter of law, because they are time barred by the applicable statute of limitations. Plaintiff claims that Defendants misrepresented in the foreclosure complaint that the "Note might only be misplaced" and then presented the "Blain Affidavit which

---

[5] The Ohio Supreme Court, in *Federal Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, held that in order to have standing in a foreclosure action, the plaintiff must have an interest in the note or mortgage at the time it files suit. Wells Fargo executed the Lost Note Affidavit claiming the Note was lost when it was in its possession, but assigned the mortgage to Bayview who assigned the mortgage to MetLife. Thus, assignment of the mortgage, without the express transfer of a note, is sufficient to transfer both the note and mortgage. See, *Fed. Home Loan Mtge. Corp. v. Rufo*, 2012-Ohio-5930. Moreover, O.R.C. §1303.38(A)(1) (Lost Note Affidavit provision) was recently amended so that a person not in possession of a note can enforce it if the person "directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred." Here, Bayview and MetLife indirectly acquired ownership from Wells Fargo.

8

fraudulently implied the Note had been found," to prevent the court from uncovering MetLife's lack of standing.  (Doc. #1, ¶¶ 93-94).

First, with respect to the FDCPA, Plaintiff alleges that Defendants Bayview, MetLife and the Reimer Firm violated Section 1692(e) of the FDCPA by falsely representing that MetLife was entitled to enforce the Note and Mortgage.  (Doc. #1, ¶ 96, Count 3A).  Second, Plaintiff alleges that Defendants violated § 16929(e)(10) of the FDCPA by implying that the Note might have been misplaced by MetLife despite possessing the Wells Fargo Lost Note Affidavit, and then filing the "false" Blain Affidavit.  (Doc. #1, ¶ 97, Count 3 B).  Plaintiff also alleges Defendants violated § 1692g of the FDCPA (validation of debt) by attaching a Notice under the FDCPA, falsely asserting that MetLife was the "creditor to whom the debt was owed."  (Doc. #1, ¶ 98, Count 3C).  These alleged misrepresentations occurred on September 4, 2014 (the date the Foreclosure Action complaint was filed) and October 27, 2014 (the date the Blain Affidavit was filed) respectfully.

An FDCPA claim must be brought within one year from "the date on which the violation occurs."  15 U.S.C. 1692k(d).  In this case, there is no dispute that the Foreclosure Action was filed on September 4, 2014, and the Blain Affidavit was executed on September 22, 2014 and was filed on October 27, 2014, which is more than a year prior to Plaintiff filing this action on November 15, 2016.  To the extent that the Plaintiff argues that the statute instead began to run on a later date under a "discovery rule" theory, that argument lacks legal merit.  *See, e.g., Goodson v. Bank of Am., N.A*., Case No. 14-5419, 2015 U.S. App. LEXIS 1565, *19-*20 (6th Cir. Jan. 28, 2015) (rejecting an argument that the statute of limitations for a FDCPA claim should be extended by the discovery rule and/or the doctrine of equitable tolling).

9

The accrual date under Section 1692k is the date the "false representation" or "prohibited communication" took place, thus the date on which the violation occurs. The plain language of the statute begins the running of the statute of the limitations at the moment of the violation and "without regard to when the plaintiff gained knowledge of the cause of action." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 944 (N.D. Ohio 2009). *See also*, *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 Fed. Appx. 268 (6th Cir. 2016); *Slorp v. Lerner, Sampson & Rothfuss, L.P.A.*, 587 Fed. Appx. 249, 258 (6th Cir. 2014).

Plaintiff alleges the violations occurred when the Reimer Firm filed the Foreclosure Action and the Blain Affidavit and that the Reimer Firm was aware these were false at the time they were made. (Doc. #1, ¶¶ 96-98). Thus, the allegations of wrongdoing that the Defendants made are misrepresentations in the Foreclosure Complaint, the FDCPA Notice attached to the foreclosure complaint and the Blain Affidavit. The foreclosure complaint was filed on September 4, 2014 and the Blain Affidavit was filed on October 27, 2014. Plaintiff had until September 4, 2015 to file the FDCPA claim or at the latest on October 27, 2015 to assert a claim arising out of the "false representations" and "standing issues." Thus, with respect to Plaintiff's claim that the foreclosure complaint was filed on behalf of MetLife, an entity that purportedly did not have standing and that a misrepresentation was made, "the statute of limitations begins to run at the moment the violation occurs . . ." *See Ball v. Ocwen Loan Servicing, LLC*, et al. 2012 U.S. Dist. LEXIS 68173, *9 (N.D. Ohio, May 16, 2012). This occurred no later than October 27, 2015 and thus Plaintiff's FDCPA claims are time-barred.

10

Additionally, Count 3D is only directed towards Bayview and MetLife and concerns conduct "following dismissal [of the Foreclosure Action]". (Doc. #1, ¶ 99.) Therefore, this count does not implicate the Reimer Firm and will not be addressed. Accordingly, Plaintiff's FDCPA claims against the Reimer Firm are time barred and should be dismissed.

### E. Plaintiff's Negligent/Fraudulent Misrepresentation Claim fails as a Matter of Law because Court Filings cannot Form a Basis for a Tort Claim.

Plaintiff's Complaint also contains a claim against the Reimer Firm alleging that it intentionally or recklessly made false representations to the court in the Foreclosure Action regarding the whereabouts and physical possession of the Note and that the court reasonably relied upon those representations in initially rendering judgment against Skaggs. (Doc. #1, ¶ 102). These claims fail, as a matter of law, because court filings cannot legally form the basis of a tort claim, and, even if it could, the Plaintiff has failed to allege that *he* (and not the court) reasonably relied upon the "misrepresentations" allegedly contained in the court filings.

Under Ohio law, Court filings, including complaints and other pleadings, are privileged from any tort action. *See Whitman v. Gerson*, 1st Dist. Hamilton Nos. C-140592, C-140595, 2016-Ohio-311, ¶¶ 28-29. This privilege is applicable even where allegations in a complaint or filing are later found to be unsupported. *Id.* at ¶ 29; *See also, Surace v. Wuliger*, 25 Ohio St.3d 229, 230, 495 N.E.2d 939 (1986) at the syllabus ("[U]nder the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears."); *Kenhill Constr. Co. v. Carter Steel & Fabricating Co.*, 3d Dist. Logan No. 8-98-9, 1998 Ohio App. LEXIS 4983, at *3 (Sep. 17, 1998)

(court dismissed counterclaim for intentional misrepresentation and negligent misrepresentation as statements were made in amended complaint and therefore were privileged).  Thus, because Plaintiff's misrepresentation claims are limited to certain filings made by the Reimer Firm on behalf of its client in the Foreclosure Action, those claims fails, as a matter of law, and must be dismissed.

Additionally, a claim for fraudulent representation requires: (1) a representation (or concealment of a fact when there is a duty to disclose); (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; and (4) with intent to mislead another into relying upon it; (5) justifiable reliance; and (6) resulting injury proximately caused by the reliance.  *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27, *citing Burr v. Stark Cty. Bd. of Commrs.* 23 Ohio St. 3d 69, 73, 491 N.E.2d 1101 (1986).

Likewise, a claim of negligent misrepresentation occurs when "'[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their ***justifiable reliance*** upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989), *citing* 3 Restatement of the Law 2d, Torts (1965) 126-127, Section 552(1) (emphasis in original).  Plaintiff's Complaint does not allege that he justifiably relied upon the alleged "misrepresentations" made by the Reimer Firm.  Rather, he alleges that the court in the

12

Foreclosure Action did so. Consequently, he has failed to state a claim upon which relief may be granted. *See, e.g., Whittle v. P&G*, S.D. Ohio No. 1:06-cv-0744, 2007 U.S. Dist. LEXIS 87216, *19 (Nov. 27, 2007) (dismissing fraud claim where plaintiff alleged that statements were made only to U.S. Patent and Trademark Office, not plaintiff).

Moreover, Plaintiff's misrepresentation claim should be dismissed because he fails to allege a fiduciary relationship or other similar relationship of trust. *See Andersons, Inc. v. Console, Inc.*, 348 F.3d, 496, 509 (6th Cir. 2003). Because the Reimer Firm represented MetLife in the Foreclosure Action and at the time the alleged misrepresentation occurred, and accordingly only owes fiduciary duties to its clients, not Skaggs, Plaintiff's negligent misrepresentation claim fails as a matter of law.

### F. Plaintiff's Slander of Title Claim Fails as a Matter of Law, because it is Time-Barred and Otherwise Lacks Merit.

Plaintiff alleges that the Reimer Firm, as MetLife's agent, slandered Plaintiff's title by filing the Foreclosure Action and by its continuing publication of MetLife's claimed Mortgage interest. (Doc. #1, ¶114). Under Ohio law, in order to set forth a slander of title claim, a plaintiff must allege: (1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages. *Green v. Lemarr*, 139 Ohio App.3d 414, 430-431, 744 N.E.2d 212 (2d Dist. 2000) (citations omitted). As set forth above, the court filings in the Foreclosure Action cannot form the basis of a legally cognizable tort claim. For this reason alone, Plaintiff's slander of title claim against the Reimer Firm fails as a matter of law.

13

Additionally, to the extent that Plaintiff's claim is premised on the filing of the Mortgage by another Defendant, such claim is time barred by the one-year statute of limitations contained in R.C. §2305.11(A). The statute of limitations for slander of title claim begins to run from the time the "alleged offending document is filed with the recorder." *See Wendover Property Owners v. Kornicks*, 28 Ohio App. 3d 101, 103, 502 N.E.2d 226 (9th Dist. 1985). In this case, the Mortgage was filed nearly thirteen years ago on March 12, 2004. (*See* Doc. #1; Doc. #1-2). As such, Plaintiff's slander of title claim is untimely and must be dismissed.

### G. Plaintiff's Civil Conspiracy Claim Fails as a Matter of Law, because Plaintiff is Unable to Set Forth the Existence of an Underlying Unlawful Act.

Finally, Plaintiff has alleged a claim against the Reimer Firm for civil conspiracy. The tort of civil conspiracy is " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 1998-Ohio-294, 700 N.E.2d 859, *citing Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419, 650 N.E.2d 863 (1995). "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Id.*, *citing Gosden v. Louis*, 116 Ohio App. 3d 195, 219, 687 N.E.2d 481 (9th Dist. 1996). Here, Plaintiff has failed to allege any facts in the Complaint, much less any circumstantial evidence regarding an Agreement, including the specific time, place or person involved in the alleged agreement or conspiracy.

As set forth herein, Plaintiff has failed to set forth any legally cognizable claims against the Reimer Firm. As a result, he cannot maintain a civil conspiracy claim, and his claim must be dismissed.

## IV. CONCLUSION

For all of the foregoing reasons, the Plaintiff has failed to fail state a claim against the Reimer Firm upon which relief may be granted. Accordingly, Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.'s Motion to Dismiss should be granted, and Plaintiff's claims should be dismissed with prejudice.

        Respectfully submitted,

        s/Lori E. Brown
        **LORI E. BROWN (0071480)**
        **GALLAGHER SHARP LLP**
        Sixth Floor - Bulkley Building
        1501 Euclid Avenue
        Cleveland, OH 44115
        (216) 241-5310 Office
        (216) 241-1608 Fax
        lbrown@gallaghersharp.com
        **Attorney for Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**