IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN SKAGGS | ) | CASE NO: 2:16-cv-01099 |
| | ) | |
| Plaintiff | ) | JUDGE ALGENON L. MARBLEY |
| | ) | MAGISTRATE KIMBERLY A. JOLSON |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | **DEFENDANT REIMER LAW CO.'S** |
| COMPANY, et al. | ) | **REPLY IN SUPPORT OF ITS** |
| | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendants | ) | **COMPLAINT** |
| | ) | |

Defendant, Reimer Law Co. (f.k.a. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.), ("the Reimer Firm"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff's FDCPA and other claims against the Reimer Firm fail as a matter of law. Specifically: 1) Plaintiff has failed to allege any facts that would entitle him to declaratory relief against the Reimer Firm as there is no actual controversy; 2) Plaintiff concedes the Quiet Title count should be dismissed; 3) the Currey affidavit does not provide a viable basis for a FDCPA claim as a matter of law, and Plaintiff concedes his claim is otherwise time- barred; 4) the filing of the Blain affidavit and other documents in the State Court foreclosure case cannot form the basis for a claim of fraudulent misrepresentation or slander and is otherwise time-barred; and 5)

Plaintiff's unsupported allegations of civil conspiracy and other acts of alleged misconduct contained in the Complaint fail to state and claim for relief.

For these reasons, and as more fully set forth below, Plaintiff has failed to state a claim against the Reimer Firm, and his claims must be dismissed. Further, Plaintiff should not be allowed to amend his Complaint to add new allegations, as it is futile.

**II.     LAW AND ARGUMENT**

> **A. Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law because there is no Actual Controversy.**

Neither Plaintiff's Opposition nor the Complaint contain any allegations that the Reimer Firm sought to enforce the Note. Instead, Plaintiff addresses the history with respect to the transfer of the subject Note as relates to Bayview and MetLife and admits that neither MetLife nor Bayview has a present interest in the note. (Doc #50, p. 4; Doc #55, p. 5-6). Plaintiff's sole basis for asserting a declaratory judgment claim against the Reimer Firm is because it represented Bayview and MetLife in the state foreclosure and if Bayview and MetLife are necessary parties, then the Reimer Firm is a necessary party too. This conclusory claim is made without any legal basis.

Moreover, Plaintiff cannot seek a declaration of rights grounded only on past events. *See, e.g.*, *Thomas v. Deutsche Bank Nat'l Trust Co.*, S.D. Ohio No. 2:11-cv-866, 2012 U.S. Dist. LEXIS 70148 (May 21, 2012). In *Thomas*, this Court dismissed a plaintiff's declaratory judgment claim arising out of a state foreclosure because the claim was based on what *may* happen in the future. The court reasoned that "[p]laintiffs seek a declaration of rights grounded only on past and potentially inapplicable events as opposed to a declaration of existing rights tied

2

to present circumstances." *Id.* at *18. This Court further found that the answers the plaintiffs sought "are unlikely to settle the controversy that could arise in a second foreclosure action based on fuller or different facts, which suggests both that[p]laintiffs are seeking a premature or incomplete decision to use as a future shield and that they cannot meet the requirements of this Court to exercise its discretion and issue a declaratory judgment given the five Declaratory Judgment Act considerations. (citations omitted)." *Id.* at *19. *See also, Marais v. JPMorgan Chase Bank, N.A.*, S.D. Ohio No. 2:15-cv-827, 2016 U.S. Dist.LEXIS 28763, *6 (March 7, 2016) (this Court dismissed a declaratory judgment claim relating to the enforcement of a note and mortgage because there was no ripe controversy).

Likewise, here Plaintiff's declaratory judgment claim is based on what may happen in the future. He has not alleged that the Reimer Firm is currently seeking to enforce the note, or that he is susceptible to any real and immediate injury. Therefore, because Plaintiff does not allege any facts that the Reimer Firm is a party in interest and there is no existence of an actual controversy, this Court should dismiss Plaintiff's claim for declaratory judgment against the Reimer Firm.

### B. Plaintiff Concedes the Quite Title Claim should be Dismissed.

In his response at page 6, the Plaintiff concedes that the Reimer Firm is not a necessary party to this claim, and that this claim against the Reimer Firm should be dismissed. (Doc. # 55).

### C. Plaintiff's FDCPA Claims should be Dismissed as they are Time -Barred or Otherwise Lack Merit.

As an initial matter, Plaintiff concedes that Counts 3A-C are time-barred and should be dismissed to the extent they arise out of the filing of the Blain Affidavit. (*See,* Doc #55, p. 7;

3

Doc #50, p. 4).  To overcome dismissal because his FDCPA claims are time-barred, Plaintiff now asserts, although not alleged in the Complaint, that Count 3A should not be dismissed as time-barred because the November 16, 2015 filing of the Currey Affidavit was the requisite "deceptive act."  First, Plaintiff failed to plead in his Complaint that any alleged FDCPA violation arose out of the Currey Affidavit.  Even if he had, any purported FDCPA violation arising out of the Currey affidavit is also time-barred.

Here, Plaintiff asserted three separate and distinct FDCPA claims against the Reimer Firm with respect to the filing of the Complaint and Blain Affidavit in the Foreclosure Action (Doc. #1, ¶ 96-98): (1) Violation of § 1692(e) of the FDCPA by falsely representing that MetLife and the Reimer Firm were entitled to enforce the Note and Mortgage  (Doc. #1, ¶ 96, Count 3A); (2) Violation of § 1692(e)(10) of the FDCPA by implying that the Note might have been misplaced by MetLife despite possessing the Wells Fargo Lost Note Affidavit, and then filing the "false" Blain Affidavit  (*Id.* at ¶ 97, Count 3B); and (3) Violation of § 1692g of the FDCPA by attaching an FDCPA Notice falsely asserting MetLife was the "creditor to whom the debt was owed."  (*Id.* at ¶ 98, Count 3C).

As set forth in the Reimer Firm's Motion to Dismiss at pp.9-10, each of these violations occurred more than one-year prior to filing the Complaint here.  (*See*, Doc. # 23).

Plaintiff attempts to merge the <u>alleged</u> FDCPA violations into an unplead claim arising out of the November 16, 2015 Currey Affidavit in an attempt to circumvent the one year statute of limitations.  To the extent Plaintiff relies on the Currey Affidavit as the basis for an FDCPA claim, the claim is also time- barred.  Plaintiff argues that the alleged deceptive statement contained in the Currey Affidavit (that MetLife had a right to enforce the note through the lost

4

note affidavit) is the "exact same as the Blain Affidavit." (Doc #50 at p. 9, Doc. #55 at p. 8). Thus, the alleged violation occurred when the Blain Affidavit was first filed on October 27, 2014.

The filing of the Currey Lost Note Affidavit cannot support an FDCPA violation and does not start the accrual date for statute of limitations purposes. Plaintiff cites to no legal authority or any allegation to support a claim that the Currey Affidavit violates the FDCPA. Plaintiff cannot get around the statute of limitations simply because the Currey affidavit, (which verifies the Wells Fargo Lost Note affidavit and attaches it), was filed at a later date in the same case during dispositive motion briefing. Plaintiff's claim is that MetLife did not have standing, and that conduct occurred when it filed the Foreclosure Action. As a result, even if Count 3A properly alleged a violation arising from the filing of the Currey Affidavit, it is also time barred. As set forth in the Reimer Firm's Motion to Dismiss, the one year statute of limitations began to run with respect to Counts 3A and 3C when the Complaint was filed on September 4, 2014, and at the latest October 24, 2014, when the Blain Affidavit was filed (Count 3B). *See, Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 944 (N.D. Ohio 2009). *See also*, *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 Fed. Appx. 268 (6th Cir. 2016); *Slorp v. Lerner, Sampson & Rothfuss, L.P.A.*, 587 Fed. Appx. 249, 258 (6th Cir. 2014); *Ball v. Ocwen Loan Servicing, LLC*, et al. 2012 U.S. Dist. LEXIS 68173, *9 (N.D. Ohio, May 16, 2012).

Additionally, Plaintiff does not dispute that Count 3D is inapplicable to the Reimer Firm. Accordingly, all of Plaintiff's FDCPA claims fail, as a matter of law, against the Reimer Firm and should be dismissed.

5

> D. **Plaintiff's Negligent/Fraudulent Misrepresentation Claims fail as a Matter of Law because Court Filings cannot Form a Basis for a Tort Claim and because Plaintiff has Failed to Allege Any Facts to Support the Claim.**

Plaintiff argues without citing to any legal authority, that his negligent/fraudulent misrepresentation claims survive because court filings can form the basis for a tort claim and because his "inaction" in the foreclosure action was in reliance on the Blain Affidavit. (Doc. # 55, p.10). These arguments lack merit.

Specifically, as set forth in the Reimer Firms' Motion to Dismiss, court filings cannot form the basis for a tort claim. *See, Whitman v. Gerson*, 1st Dist. Hamilton Nos. C-140592, C-140595, 2016-Ohio-311, ¶¶ 28-29; *Surace v. Wuliger*, 25 Ohio St.3d 229, 230, 495 N.E.2d 939 (1986) at the syllabus; *Kenhill Constr. Co. v. Carter Steel & Fabricating Co.*, 3d Dist. Logan No. 8-98-9, 1998 Ohio App. LEXIS 4983, at *3 (Sep. 17, 1998). Plaintiff fails to address any of this legal authority and instead relies on *In re Wilson*, E.D. La. No. 07-11862, 2011 Bankr. LEXIS 1213 (Apr. 6, 2011), a case inapplicable here. *In re Wilson* concerned a motion for sanctions filed in a bankruptcy proceeding where a lender submitted an affidavit in support of default that did not account for payments sent by the debtor to be applied post-petition. The *In re Wilson* court did not address whether affidavits may form the basis of a fraudulent misrepresentation claim under Ohio law. As such, Plaintiff's argument is without merit, and his fraudulent misrepresentation claim fails as a matter of law.

Additionally, assuming the subject court filings could legally form the basis for Plaintiff's misrepresentation claim, Plaintiff's Complaint does not contain any allegations to support a misrepresentation claim. There are no factual allegations that he relied on or was injured by any alleged misrepresentation or concealed fact. Plaintiff's attempt to "supplement" his Complaint

6

by stating in his opposition brief that his "inaction" in the foreclosure case was based on his reliance on the Blain Affidavit is insufficient to overcome this deficiency.  Plaintiff has not alleged specifically what he would have done differently.  Rather, he makes a makes vague argument, unsupported by any facts.  Plaintiff has ignored the obligations set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), or the heightened pleading requirements of Civ. R. 9(B).  *See also Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665 (holding that plaintiff must allege justifiable reliance with particularity).

Furthermore, he has failed to allege a fiduciary relationship or other similar relationship of trust.  *See*, *Andersons, Inc. v. Console, Inc.*, 348 F.3d, 496, 509 (6th Cir. 2003).  As such, Plaintiff's fraudulent misrepresentation claim has not been plead with the specificity required by Fed. R. Civ. P. 9(b) and fails for this additional reason. *See, Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) ("In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'").  As such, Plaintiff's claims for negligent and fraudulent misrepresentation fail as a matter of law.

### E. Plaintiff's Slander of Title Claim Fails as a Matter of Law because it is Time-Barred and Otherwise Lacks Merit.

As set forth in the Reimer Firm's Motion to Dismiss, neither the lost note affidavit nor any other court filing can form the basis of Plaintiff's slander of title claim, because they are privileged court filings.  Plaintiff's reliance on *Michaels Bldg. Co. v. Cardinal Fed. Sav. & Loan Bank*, 54 Ohio App.3d 180, 561 N.E.2d 1015 (8th Dist. 1988) is misplaced.  In *Michaels Bldg.*

*Co.*, the court dismissed a slander of title claim because the filing of a cognovit note reduced to judgment could not form the basis of a slander of title claim. *Id.* at 1019. Contrary to Plaintiff's assertion, the court did not limit the privilege inherit in court filings to only those statements that concern a mortgage debt. Rather, the court merely stated that while statements made by a mortgagor that a mortgagee is in default could form the basis of such a claim, statements published within the context of a court proceeding are immune from suit. *Id.* Thus, *Michaels Bldg. Co.* supports the Reimer Firm's argument and Plaintiff's slander of title claim arising out of the filing of the lost note affidavit or other court filings should be dismissed.

Additionally, Plaintiff concedes that the one-year statute of limitations applies and begins to run from the date an offending document is filed with the country recorder. (Doc # 55 at p. 11). Therefore, if Plaintiff's claim arises from the filing of the lost note affidavit with the court in the foreclosure case, his claim fails for the additional reason that it is time-barred. In an attempt to circumvent the one year statute of limitations, Plaintiff argues that his claim arises from the filing of the motion for summary judgment by the Reimer Firm. Plaintiff cites to no authority to support this argument. Moreover, as set forth above, court filings cannot form the basis of a slander of title claim. Finally, Plaintiff has not alleged that the motion for summary judgment or any other document was filed by the Reimer Firm, with the county recorder. As a result, his slander of title claim fails and should be dismissed for these reasons as well.

### F. Plaintiff's Civil Conspiracy Claim Fails as a Matter of Law, because Plaintiff is Unable to Set Forth the Existence of an Underlying Unlawful Act.

Plaintiff argues that the FDCPA, fraudulent misrepresentation and slander of title claims are the torts underlying his civil conspiracy claims. However, Plaintiff's conclusory allegations

8

against the Reimer Firm fail to state a claim upon which relief can be granted. Plaintiff argues that the "Defendants have been conspiring to together to play a shell-game with plaintiff's home." (Doc. # 55, p. 11). Further, he alleges they manipulated the process with full knowledge that MetLife's entitlement to enforce the note contradicted O.R.C. 1303.38.[1] The recitation of the elements of a conspiracy claim, along with legal conclusions couched as factual allegations are insufficient to survive the Reimer Firm's Motion to Dismiss. *Bell Atl. Corp. v. Twombly* 550 U.S. 544 (2007). As set forth herein and in the Reimer Firm's Motion to Dismiss, Plaintiff has failed to set forth any legally cognizable claims against the Reimer Firm and each of these claims fail as a matter of law. Moreover, Plaintiff's complaint lacked the required specificity to state a claim upon which relief can be granted.

Additionally, Plaintiff's FDCPA claims are statutory violations and not "tort" claims that would satisfy the "unlawful act" requirement of a conspiracy claim. *See Avery v. City of Rossford*, 762 N.E.2d 388, 395 (6th Dist.2001) (citations omitted)("[F]or the purpose of satisfying this element of such a claim, the underlying unlawful act must be a tort."); *Wagoner v. Leach Co.*, 2d Dist. Montgomery No.17580, 1999 Ohio App. LEXIS 3152, *53-54 (July 2, 1999) ("the cause of action underlying a claim of civil conspiracy must sound in tort."). As a result, he cannot maintain a civil conspiracy claim, and his claim must be dismissed.

---

[1] The Ohio Supreme Court, in *Federal Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, held that in order to have standing in a foreclosure action, the plaintiff must have an interest in the note or mortgage at the time it files suit. Wells Fargo executed the Lost Note Affidavit claiming the Note was lost when it was in its possession, but assigned the mortgage to Bayview who assigned the mortgage to MetLife. Thus, assignment of the mortgage, without the express transfer of a note, is sufficient to transfer both the note and mortgage. See, *Fed. Home Loan Mtge. Corp. v. Rufo*, 2012-Ohio-5930. Moreover, O.R.C. §1303.38(A)(1) (Lost Note Affidavit provision) was recently amended so that a person not in possession of a note can enforce it if the person "directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred." Here, Bayview and MetLife indirectly acquired ownership from Wells Fargo.

9

### III. CONCLUSION

For all of the foregoing reasons, and those set forth in the Reimer Firm's Motion to Dismiss, Plaintiff has failed to fail state a claim against the Reimer Firm upon which relief may be granted. Accordingly, Defendant Reimer Firm's Motion to Dismiss should be granted, and Plaintiff's claims should be dismissed with prejudice.

Respectfully submitted,

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, OH   44115
(216) 241-5310 Office
(216) 241-1608 Fax
lbrown@gallaghersharp.com
**Attorney for Defendant Reimer Law Co.**
**(f.k.a. Reimer, Arnovitz, Chernek &**
**Jeffrey Co., L.P.A.)**

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
**Attorney for Defendant Reimer Law Co.**
**(f.k.a. Reimer, Arnovitz, Chernek &**
**Jeffrey Co., L.P.A.)**